The document below is hereby signed.

Signed: December 02, 2008.



_S. Martin Teel, Jr._
_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| AUTHOR J. JOHNSON, | ) | Case No. 08-00541 |
| | ) | (Chapter 11) |
| Debtor. | ) | **Not for Publication in West's Bankruptcy Reporter** |

MEMORANDUM DECISION AND ORDER
VACATING ORDER GRANTING MOTION OF INDEPENDENCE
<u>FEDERAL SAVINGS BANK FOR RELIEF FROM THE AUTOMATIC STAY</u>

Independence Federal Savings Bank filed a motion for relief from the automatic stay but neglected properly to serve it on the debtor.  Although the debtor became aware of the motion, that actual notice does not excuse lack of proper service.  As stated in <u>McMasters v. United States</u>, 260 F.3d 814, 817 (7th Cir. 2001), "neither actual notice nor substantial compliance is sufficient to satisfy the requirements of Rule 4," referring to service under Fed. R. Civ. P. 4.  That reasoning applies equally to service under Fed. R. Bankr. P. 7004 (made applicable here by Fed. R. Bankr. P. 9014).

Improper service can be waived by appearing in the case and failing to raise the defense of improper service.  Here, however,

Johnson did not file a response to the motion, and thus he did not fail to raise the defense by not asserting it in papers filed in the proceeding prior to entry of the order granting the motion.

Independence's counsel learned from the debtor of the defective service but did not take steps to re-serve the motion. The debtor's statement to Independence's counsel of an intention to oppose the motion, and his failure to do so before the court granted the motion as unopposed, cannot be taken as a waiver of the defense of improper service.  The opposition could have included the defense of improper service, and the debtor could have decided to raise the lack of improper service after the motion was granted instead of raising it by way of opposition to the motion.  Accordingly, pursuant to the debtor's motion to reconsider, it is

ORDERED that the debtor's motion to reconsider (Docket Entry No. 44) is granted as follows.  It is further

ORDERED that the order (Docket Entry No. 42) granting the motion of Independence Federal Savings Bank for relief from the automatic stay is VACATED, and Independence Federal Savings Bank shall make service anew and give notice of a new hearing date and of the opportunity to oppose the motion, but the time for the debtor to oppose the motion is shortened to 8 days after the date of *filing* to be noted on the notice of opportunity to oppose the

motion.  Independence's counsel should upload anew the proposed order submitted with its motion.

                                        [Signed and dated above.]

Copies to: Debtor; Office of United States Trustee; Stephen Nichols, Esq.